NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEALTHY SOURCE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SURWILO, an individual;<br>URBAN NUTRITION, LLC; ATLANTIC<br>COAST MEDIA GROUP, LLC;<br>LONGEVITY, LLC; EXCELL NOW,<br>LLC; PARADISE MARKETING PROS,<br>and PRIME WORLD SYNDICATE,<br>business form unknown,<br><br>    Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civ. No. 10-3596 (DMC) (JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendants Andrew Surwilo, Urban Nutrition, LLC, Atlantic Coast Media, LLC, Longevity, LLC, and Excell Now, LLC ("Defendants") to dismiss certain claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. No oral argument was heard pursuant to Rule 78. For the reasons stated below, Defendants' motion is DENIED.

**I. BACKGROUND**[1]

Plaintiff owns and sells a trademarked plant-based antioxidant food-supplement called FLAYVAY®. Am. Compl. ¶¶ 16-22. Defendants operate a series of web sites that provide reviews

---

[1] The facts in the Background section have been taken from the parties' submissions. On this motion to dismiss, the Court will accept the factual allegations in the Complaint and Amended Complaint as true and construe all facts in Plaintiff's favor.

of various nutritional supplements, including FLAYVAY®. Am. Compl. ¶ 3. Plaintiff claims that Defendants used these web sites to intentionally damage the FLAYVAY® brand. Am. Compl. ¶ 24. They did so by diverting FLAYVAY® internet traffic to Defendants' web sites, where they had posted false and disparaging reviews of FLAYVAY®. Compl. ¶ 32-36. After being exposed to the negative reviews, internet users who had been searching for information on FLAYVAY® were then directed to other sites where they could purchase Defendants' products instead. Compl. ¶ 24. Defendant Andrew Surwilo ("Surwilo") is the General Manager of Defendants Urban Nutrition, LLC ("Urban Nutrition"), Longevity, LLC ("Longevity"), Excell Now, LLC ("Excell"), Paradise Marketing Pros ("Paradise"), and Prime World Syndicate ("Prime World") (collectively "Corporate Defendants"). Am. Compl. ¶ 11. The Amended Complaint alleges that these companies are "instrumentalities created to facilitate the sale of products on the internet, by false advertising, for the purpose of evading liability." Am. Compl. ¶ 12. Surwilo is purportedly the mastermind behind the campaign to destroy the FLAYVAY® brand, in that he "actually directed the wrongful conduct perpetrated by these business entities." Am. Compl. ¶ 8.

Plaintiff, along with another plaintiff that later withdrew from the action, originally filed this action in the Central District of California. Defendants filed a Motion to Dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). The matter was subsequently transferred to this Court. Defendants then filed the present motion—seeking to dismiss portions of the Complaint for failure to state a claim—to which Plaintiffs responded by filing an Amended Complaint within 21 days of service.

## II. STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all

factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.  To survive a motion to dismiss, the complaint must state a plausible claim. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp., 550 U.S. at 555.

### III.  DISCUSSION

Defendants seek to dismiss Surwilo from the action, and to dismiss the Fourth, Fifth and Eighth Counts of the Complaint—as to all Defendants—for failure to state a claim.  They also wish to strike the damages requests contained in Counts Seven and Nine of the Complaint pursuant to Rule 12(f).  Rather than file a substantive opposition brief, Plaintiffs responded to Defendants' motion by submitting an Amended Complaint.  The Amended Complaint essentially rectifies every issue raised by Defendants in that it drops all of the claims and damages requests named in Defendants' motion.  The Amended Complaint continues, however, to name Surwilo as an individual defendant.    For this reason, presumably, Defendants seek to strike the Amended Complaint, claiming that it was filed out of time in that it was submitted 21 days after Plaintiff was served with the present motion.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading

once as a matter of course within . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." The Amended Complaint is Plaintiff's first amendment as a matter of course. Given that Defendants have been given the opportunity to submit two motions to dismiss——one before transfer, and one following— the Court cannot find that Plaintiff's filing of the Amended Complaint flouts the plain language of Rule 15(a). Moreover, had Plaintiff filed a motion for leave to amend, it surely would have been granted as any delay in filing the Amended Complaint is undue and non-prejudicial and the amendments themselves are not futile. See Alvin v. Suzuki, 227 F. 3d 107, 121 (3d Cir. 2000). Accordingly, the Court declines to strike Plaintiff's Amended Complaint.

Having resolved to accept the Amended Complaint, the sole remaining issue for this Court is whether to dismiss the claims against Surwilo. In the Complaint, Plaintiffs alleged that: "Defendants 'are the alter ego of SURWILO'; "There is such a unity of interest and ownership between [Defendants] and SURWILO controlling it that their separate personalities no longer exist"; and "SURWILO uses [Defendants] to perpetuate fraud, circumvent a statute, and accomplish other wrongful and inequitable purposes." Defs.' Br. 9 (quoting Compl. ¶ 6). Defendants found the allegations in the Complaint to be no more than "three legal conclusions couched as factual allegations." Plaintiff has expanded the alter ego allegations in the Amended Complaint and now alleges that:

- "[Corporate Defendants] are the alter egos of SURWILO to the extent that no separate entities in effect exist. SURWILO effectively controls and operates these businesses and their websites . . . ." Am. Compl. ¶ 3.

- "Upon information and belief, SURWILO forms and dissolves businesses with the intent of evading liability." Am. Compl. ¶ 6.

- "At all relevant times SURWILO used [Corporate Defendants] to engage in false advertising, trademark violations, and unfair competition. SURWILO knowingly and personally directed these business entities. He not only consented, but actually directed the wrongful conduct perpetrated by these business entities." Am. Compl. ¶ 8.

- SURWILO has responsibility for and authorizes the unlawful practices at issue in this litigation. He has responsibility for, selects, and authorizes keyword purchases and metatag placements in false advertising. At all relevant times he was the General Manager for [Corporate Defendants], and he directed their activities. Am. Compl. ¶ 11.

- [Corporate Defendants] are mere facades for SURWILO. They are instrumentalities created to facilitate the sale of products on the internet, by false advertising, for the purpose of evading liability. Am. Compl. ¶ 12.

- The unity of interest and ownership between SURWILO [and Corporate Defendants], and the false advertising which he directs, necessitate that the Court disregard these corporate entities and treat their acts as if they were the acts of SURWILO. Adherence to the fiction of separate corporate existence would otherwise sanction fraud and promote injustice. Am. Compl. ¶ 12.

In New Jersey, two elements must be present in order to pierce the corporate veil. "First, there must be such a unity of interest and ownership that the separate personalities of the

corporation and the individual no long exist.  Second, the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." State Capital Title & Abstract Co. v. Pappas Bus. Servs., LLC, 646 F. Supp. 2d 668, 679 (D.N.J. 2009).  Whether there is unity of interest and ownership is determined by the application of a six-factor test:

> [1] gross undercaptilization . . . [2] failure to observe corporate formalities, non-payment of dividends, [3] the insolvency of the debtor corporation at the time, [4] siphoning of funds of the corporation by the dominant shareholder, [5] non-functioning of other officers or directors, absence of corporate records, and [6] the fact that the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

Id. (quoting Craig v. Lake Asbestos of Quebec, Ltd., 843 F.2d 145, 150 (3d Cir. 1988).  A failure to allege any of these factors "is fatal to a piercing the veil claim." Chen v. HD Dimension, Corp., No. 10-863, 2010 WL 4721514, at *4 (D.N.J. Nov. 15, 2010).  A plaintiff need not prove common law fraud in order to satisfy the fraud or promote injustice prong.  What is required is the "less exacting standard" of "a fraud, injustice, or the like." State Capital Title, 646 F. Supp. at 680.

  Here, Plaintiffs have adequately plead a piercing of the corporate veil theory with allegations that represent more than mere legal conclusions.  The Amended Complaint alleges that Surwilo created the Corporate Defendants for the purpose of engaging in false advertising that would purposefully damage the FLAYVAY® brand and that the Corporate Defendants were facades for Surwilo's smear campaign.  While the remedy of piercing the corporate veil is extraordinary, and it remains unclear whether Plaintiff will be able to offer facts in support of its allegations, at this stage of the litigation, Plaintiff has satisfied the two-prong test and plead just

enough to withstand a motion to dismiss.

## IV. <u>CONCLUSION</u>

      For the reasons stated, Defendants' motion is DENIED.

<u>S/ Dennis M. Cavanaugh</u><br>
Dennis M. Cavanaugh, U.S.D.J.

Date:      July <u> 25 </u>, 2011
Orig.:     Clerk
cc:       All Counsel of Record
         Hon. Joseph A. Dickson, U.S.M.J.
         File